By the Court.
This case involves the constitutionality of Section 6418-1, General Code, as amended February 27, 1913 (103 O. L., 136), which is as follows:
“All articles hereinafter mentioned, when sold, shall be sold by avoirdupois weight or numerical count, unless by agreement in writing of all contracting parties, viz.: apples, grapes, peaches, pears, plums, quinces, cranberries, prunes, raisins, dates, figs, dried apples, dried peaches, apricots, rice, beans, green beans, carrots, onions, parsnips, Irish potatoes, sweet potatoes, tomatoes, turnips, *138 beets, sugar beets, peas, green peas, cabbage, cauliflower, endive, lettuce, spinach, sauerkraut, barley, bran, buckwheat, corn in ear, shelled corn, wheat, rye, oats, sweet corn in ear, shelled sweet corn, hominy, dried sweet corn, popcorn in ear, shelled popcorn, bluegrass seed, broom corn seed, canary seed, cotton seed, castor oil bean, pine tree products and vegetable oils, clover seed, timothy seed, hemp seed, Hungarian grass seed, malt, millet, onion sets, orchard grass seed, rape seed, red top seed, English walnuts, black walnuts, hickory nuts, Brazil nuts, pecans, almonds, filberts, ice, coal, coke, lime, salt, sugar, tea, coffee, bulk spices, cheese, butter, oleomargarine, lard, fresh and salt meats, fish, game, fowls, flour, corn meal, chopped feed, pepper in bulk, and candy in bulk. Nothing in this section shall apply to seeds and other articles in sealed packages. Whoever sells or offers for sale any article in this section enumerated, in any other manner than herein specified, shall be deemed guilty of a misdemeanor and upon conviction thereof, shall be fined not less than ten dollars nor more than one hundred dollars for the first offense, and not less than twenty-five dollars nor more than two hundred dollars for the second offense, or imprisoned not more than three months, or both.”
Its constitutionality is challenged for the reason that it is in conflict with certain provisions of the federal constitution and with Section 1, Article I of the Bill of Rights of the Constitution of Ohio. There is the further claim that it is in conflict with Section 26, Article II of the Constitution of Ohio, relating to the uniform operation of general laws.
*139 The statute was held invalid by the court of common pleas for the reason stated in its opinion that it was repugnant to and in violation of Section 1, Article I of the Constitution of Ohio. The court of appeals was in harmony with the view entertained by the court of common pleas and was of the opinion that the statute was likewise in violation of Section 1, Article XIV of the Constitution of the United States. The petitioner was arrested and convicted under this statute, the charge being that he sold a certain quantity of Irish potatoes, viz., about one-fourth peck, that the same were not sold by avoirdupois weight, or by numerical count, or in a sealed package, and that the petitioner and purchaser made no agreement in writing to sell the potatoes by measure.
Section 1, Article I of the Constitution of Ohio, is as follows: “All men are, by nature, free and independent, and have certain inalienable rights, among which are those of enjoying and defending life and liberty, acquiring, possessing, and protecting property, and seeking and obtaining happiness and safety.”
The right to contract is recognized as a property right essential to the acquisition, possession and protection of property. The right to the use of measures as a means of trade and commerce has long been established, and the custom of buying and selling by these means the articles enumerated in the act under consideration is one of long standing. Under the provisions of this act, however, unless an agreement in writing is made by all of the contracting parties, whoever sells or offers to sell these *140 articles by measure is guilty of a crime and subject to fine and imprisonment. To require the vendor and purchaser of the articles covered by the act to enter into an agreement in writing each time a sale is made by measure, that the sale may be lawful, conflicts with the right to make contracts. As we view this statute, then, it is clearly an invasion of the property rights guaranteed by our constitution.
But it is claimed in support of the constitutionality of the act that the legislature in the exercise of its police power has authority to enact such a law. While it is within the power of the state to guard the public morals, the public safety and the public health, as well as to promote the public convenience and the common good, yet in devising means for such purpose the provisions made must be reasonable. In our opinion this act places an unreasonable and burdensome obligation upon persons engaged in a lawful business and is an unwarranted exercise of the police power. The lower courts were correct in holding this law unconstitutional.

Judgment affirmed.

Shauck, Johnson, Donahue and Newman, JJ., concur.
Wanamaker, J., dissents.